**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

ERIC MCFADDEN,

        Defendant - Appellant.

No. 08-50370

D.C. No. 2:04-cr-00028-GPS-1

REDACTED MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted April 8, 2010
Pasadena, California

Before: SILVERMAN and GRABER, Circuit Judges, and SCULLIN, [**] District
Judge.

    Defendant appeals the 240-month sentence that the district court imposed

following his guilty plea to distribution of cocaine base (crack cocaine) in violation

of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). We have jurisdiction pursuant to 28

---

    [*]    An unredacted Memorandum has been filed contemporaneously. This disposition
is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Frederick J. Scullin, Jr., Senior United States District Judge for
the Northern District of New York, sitting by designation.

U.S.C. §§ 1291 and 1294. For the following reasons, we dismiss Defendant's appeal.

Defendant knowingly and voluntarily entered into a plea agreement containing a waiver of appellate rights. "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). Even when a waiver is knowing and voluntary, if the government breaches the plea agreement, the defendant is released from his promise not to appeal. *See United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1993).

In the present matter, the waiver provided that "Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified in paragraph 4 [life imprisonment] and is constitutional." The waiver is clear and unambiguous. Defendant gave up the right to appeal any sentence below the statutory maximum – life imprisonment – so long as the sentence imposed was constitutional. The district court applied the relevant factors and sentenced Defendant to a term of incarceration twenty-two months below the recommended guideline range. Therefore, by the terms of the plea agreement, Defendant is

foreclosed from appealing his sentence unless the Government breached the plea agreement.

[REDACTED]

Finally, Defendant seeks direct review of his ineffective assistance of counsel claim on the theory that he was deprived of representation by counsel at a critical stage of the proceedings. [REDACTED]

"Ordinarily, a plea of ineffective assistance of counsel should be brought in a collateral proceeding under 28 U.S.C. § 2255 because the appellate record often lacks a sufficient evidentiary basis as to 'what counsel did, why it was done, and what, if any, prejudice resulted.'" *United States v. Quintero-Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1995) (quoting *United States v. Molina*, 934 F.2d 1440, 1446 (9th Cir. 1991)). Accordingly, we will consider ineffective assistance claims on direct review only "in the unusual cases (1) where the record on appeal is sufficiently developed to permit determination of the issues, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Jeronimo*, 398 F.3d at 1156 (citing *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004)).

Neither exception applies here. [REDACTED] Moreover, nothing in the record supports a conclusion that defense counsel's legal representation was so

inadequate that it obviously deprived Defendant of his Sixth Amendment rights.

APPEAL DISMISSED.